UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
MAY 17 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-280-GWU

LINDA D. SMITH, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

Smith

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

One of the steps of the analysis, the severity regulation, has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The administrative law judge (ALJ) found that the plaintiff, who had undergone surgery and chemotherapy for stomach cancer,[1] did not have a "severe" impairment by the time of her 2003 application for benefits.[2]

The defendant argues that her determination was supported by opinions offered by two medical reviewers (Tr. 372, 373) and the statement of a treating

---

[1] The plaintiff had been diagnosed with a low-grade MALT lymphoma with a large cell lymphoma associated with it in 2001. (Tr. 95, 322). Her oncologist felt, after chemotherapy, that while there was some risk of recurrence at some point in the future, it was conceivable that she could have been cured. (Tr. 367). No recurrence of the cancer was found as of October, 2003. (Tr. 421).

[2] The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993).

2

oncologist (Tr. 421). However, the oncologist's statement (unseen by the medical reviewers[3]) while discounting disability relating to the actual lymphoma, did leave open the possibility of restrictions relating to post surgical problems, including bile acid reflux and dumping syndrome. (Tr. 421). Among the complaints being evaluated by the oncologist at the time of the statement was pain on standing more than 30 minutes. (Tr. 421).

It is against this background that Dr. Fazal Amad's assessment, which included a severe restriction on the ability to stand (Tr. 420), must be seen. Amad's opinion, while suffering from some weaknesses, nevertheless was neither seen nor commented on by the medical reviewers and was not necessarily inconsistent with the oncologist's letter, as was claimed by the defendant.

Given the liberal standards of Farris, supra, the case will be remanded for further consideration of restrictions related to the post surgical changes.

This the _17_ day of May, 2006.

_____
G. WIX UNTHANK
SENIOR JUDGE

---

[3]While the opinion of a non-examining expert may be accepted over that of an examiner, the non-examiner must have had the benefit of the review of the entire record and clearly stated the reason that his opinion differed from that of the examiner. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).